IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| LAWSON P. ROBERTS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1-17-CV-00915 |
| | § | |
| STEVEN MNUCHIN, | § | |
| SECRETARY OF TREASURY | § | |
| Defendant. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

### A.  Parties

1) Plaintiff, LAWSON P. ROBERTS, is an individual of the State of Texas.

2) Defendant, STEVEN MNUCHIN, SECRETARY OF THE TREASURY, is an agency of the United States of America sued in his official capacity, may be served by serving the United States through delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States and to defendant.

### B. Jurisdiction

3) The court has jurisdiction over the lawsuit because the United States is a party.  U.S. Const. art. 3, §2, cl. 1.  In addition the suit arises under Title VII.

### C. Venue

4) Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district.  During all relevant times when the alleged unlawful employment practices were committed, Plaintiff was a Tax Examining

Technician, Wage and Investment Service Centers, Austin Submission Processing, in Austin, Texas.

### D. Exhaustion of Administrative Remedies

5) Plaintiff timely filed an Individual Complaint of Employment Discrimination with regard to his proposed termination[1] on October 10, 2016.

6) Plaintiff timely filed an Individual Complaint of Employment Discrimination with regard to his termination[2] on May 3, 2017.

7) On June 16, 2017, Plaintiff received the Department of the Treasury Final Agency Decision dated June 8, 2017, with regard to Plaintiff's Individual Complaint filed on October 10, 2017. (Exhibit C). Plaintiff was informed that his Complaint regarding his proposed termination had been subsumed by his Complaint for termination.

8) On August 29, 2017, Plaintiff received the Department of the Treasury Final Agency Decision dated August 21, 2017 with regard to Plaintiff's Individual Complaint filed on May 3, 2017 finding no discrimination. (Exhibit D).

9) Plaintiff has exhausted all administrative remedies.

### E. Discrimination Under Title VII

10) Plaintiff is an employee of the Internal Revenue Service, specifically Wage and Investment Service Centers, Austin Submission Processing, an agency of the federal government. As such he is covered by 42 U.S.C. §2000 et seq.

11) As a Federal Agency, defendant is prohibited by 42 U.S.C. §2000e-3(a) from retaliating against a person for opposing any practice made unlawful by title VII of the Civil Rights Act.

---

[1] Proposal Letter attached as Exhibit A.
[2] Decision Letter attached as Exhibit B.
[3] For instance, on page five, it states that "Complainant held his job for 20 years," but does not make clear that Plaintiff has held his current position for 20 years. Plaintiff has been with the Internal Revenue Service for 32
³ Decision Letter attached as Exhibit B.

To do so is an unlawful. U.S.C. §2000e-3(a).

12) Defendant retaliated against Plaintiff for his participation in the EEO process.

13) Defendant acknowledges that Plaintiff presents a prima facie case of retaliation. (Exhibit D, Page 5).

14) Plaintiff will show that the Defendant failed to follow Defendant's own rules and regulations in reaching the decision to remove Plaintiff, making the analysis found in the Department of the Treasury Final Agency Decision dated August 21, 2017 faulty and incomplete.

15) Defendant erroneously found that Plaintiff failed to present a prima facia case of disability discrimination.  (Exhibit D, Page 5).

16) Plaintiff will show that his disability—hearing loss and tinnitus—developed as a result of age and exposure to loud noise throughout his life.  Plaintiff's disability developed over time, it did not suddenly appear as a result of trauma, as the medical documentation makes clear. Plaintiff will further show that that Plaintiff expressed verbally and in writing that he did not hear a directive given to him by the Defendant that he then asked to be repeated.  Defendant ignored Plaintiff's request and then brought a disciplinary action against Plaintiff for his inability to hear.

17) Once again, the analysis found in the Department of the Treasury Final Agency Decision dated August 21, 2017 is faulty and incomplete.[3]

18) Plaintiff can present a prima facie case of disability discrimination.

19) Despite providing ample evidence that females engaging in identical behavior are treated substantially different, the Defendant found that there was no evidence that Plaintiff's membership in a protected class influenced the decision to remove Plaintiff.  (Exhibit D,

---

[3] For instance, on page five, it states that "Complainant held his job for 20 years," but does not make clear that Plaintiff has held his current position for 20 years.  Plaintiff has been with the Internal Revenue Service for 32 years.

Page 7). This decision was reached without any attempt at analysis of the facts of the case.

20) In Plaintiff's oral reply, Plaintiff provided multiple, sworn statements that supported his position that female employees engaged in the same behavior as he did without punishment. This sworn statements directly contradicted the unsworn statements in the material relied upon. In removing Plaintiff, Defendant disregarded the sworn statements in favor of the unsworn statements without explanation.

In addition, in Plaintiff's oral reply, Plaintiff provided multiple examples wherein female management employees provided statements in matters of official interests that directly contracted each other. Since both cannot be true simultaneously, these—female—individuals lied on at least one official document. This is a violation the IRS Principles of Ethical Conduct—the same type of violation for which Plaintiff is supposedly being removed—as well as a 1203(b) of the IRS Restructuring and Reform Act of 1998. As management officials, these individuals are supposed to be held to a higher standard and receive a greater punishment than Plaintiff, an individual with no managerial responsibilities. To the best of Plaintiff's knowledge, not only have none of these individuals received punishment, some appear have received career advancement.

21) Plaintiff can present a prima facie case of discrimination based on gender.

## F. Damages

22) As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a) Plaintiff was forced into retirement six years earlier than planned, meaning Plaintiff has lost:

   i) Six years of income;

   ii) Six years of Thrift Savings matching funds and Thrift Savings gains;

    iii) Six years of performance awards;

    iv) A lower social security benefit;

    v) A lower retirement benefit;

    vi) A lower FERS survivor benefit for Plaintiff's wife; and

    vii) The possibility of a buy-out upon the closure of the Austin Submission Processing Center.

b) Plaintiff suffered mental anguish and emotional distress as a result of this attack on his livelihood and his reputation in the form of loss of sleep, loss of quality of life, and stress; and

c) Plaintiff developed a stress-related illness that resulted in a three-day hospitalization, incapacitation that left him unable to work for over a month and that will require continuing medical treatment.

## G. Attorney Fees

23) Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## H. Prayer

24) For these reasons, Plaintiff asks for judgment against Defendant for the following:

a) That Plaintiff be reinstated at his former position with the same entry on service date – as if there has been no break in service;

b) That Plaintiff be granted back-pay and interest, including any out-of-pocket difference in insurance payments, any matching Thrift Savings funds, awards, and other payments that Plaintiff would have been due but for Defendant's unlawful conduct.

c) Reasonable attorney's fees;

d) Costs of suit; and

e) All other relief the court deems appropriate.

                                                        Respectfully submitted,

                                                        By: /s/ Chrystina Sumpter__
                                                        Chrystina Sumpter
                                                        00791761
                                                        P.O. Box 1156
                                                        Buda, TX 78610
                                                        E-mail chsumpter@hotmail.com
                                                        Tel. (512) 280-7332
                                                       Fax  (512) 282-9668